**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LACEY BILLIOT (#117870)**                         **CIVIL ACTION NO.**

**VERSUS**                                          **20-61-BAJ-EWD**

**ALVIN ROCHE, JR., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LACEY BILLIOT (#117870)                             CIVIL ACTION NO.

VERSUS                                              20-61-BAJ-EWD

ALVIN ROCHE, JR., ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Lacey Billiot ("Billiot"), who is representing himself and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Pursuant to screening required under 28 U.S.C. §1915A, it is recommended that Billiot's federal claims in this case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**I.   Background**

Billiot filed this suit against Alvin Roche, Jr., Jim Wise, and Francis Abbott (collectively "Defendants")[1] pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights in connection with a parole hearing that resulted in denial of parole on May 23, 2019,[2] and the denial of Billiot's request for reconsideration of the parole board decision.[3] Billiot seeks declaratory, injunctive, and monetary relief.[4]

**II.  Law & Analysis**

   **A.  Standard of Review**

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen complaints in civil actions brought by prisoners against a governmental entity or an officer or employee of a governmental

---

[1] Alvin Roche, Jr. and Jim Wise are alleged to be Louisiana Parole Board Committee Members (*see*, R. Doc. 6-2, p. 3). Francis Abbott is alleged to be their superior (*see*, R. Doc. 6-2, p. 5).
[2] R. Doc. 6-2 and R. Doc. 6-3, p. 7.
[3] *See* R. Doc. 6-2 and R. Doc. 6-3, pp. 4-5.
[4] R. Doc. 6, p. 5 and R. Doc. 6-2, p. 2.

entity, and to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. To determine whether a complaint fails to state a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

### B. Billiot Cannot State A Federal Constitutional Claim as to His Parole Proceedings

#### 1. Billiott Cannot State a Federal Due Process Claim

Billiot complains that he was denied due process in his parole proceedings.[9] His complaints regarding the procedures employed during parole proceedings are subject to dismissal for failure to state a claim. First, Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release.[10] Billiot does not cite to any Louisiana statute that contains language mandating that Defendants must vote to release an offender if certain conditions

---

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] Plaintiff specifically complains that at his parole hearing he was denied parole by Defendants based upon victim opposition, law enforcement opposition, the nature of the offense charged, and "reasons administratively arbitrary." R. Doc. 6-2, p. 3. Plaintiff also complains that the parole board "failed to follow their own internal directive 03-304 and did not use mandatory youth specific parole decision form." R. Doc. 6-2, p. 3.
[10] *See, e.g., Sinclair v. Ward*, 205 F.3d 1338, 1338 (5th Cir. 1999) (because Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release, prisoners are not entitled to challenge the procedures employed under the Due Process Clause); *Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060, 1060 (5th Cir. 2001) (dismissing as frivolous due process claim against Louisiana parole board); *Lennon v. Louisiana State Parole Bd.*, No. 11-486, 2012 WL 528178, at *2 (M.D. La. Jan. 24, 2012) ("It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause.").

2

are met. Under those circumstances, there is no Due Process violation because the parole decisionmakers can consider all pertinent information, including the nature of the offense and community opposition.[11] Because Louisiana statutes do not give rise to a protected liberty interest in parole release, Plaintiff cannot state a claim regarding the procedures used during his parole proceedings.

Additionally, though Plaintiff alleges that the parole board failed to follow its own internal directives regarding parole procedures, violations of internal parole regulations do not raise federal constitutional issues.[12] Accordingly, Plaintiff's federal claims for Due Process violations and complaints regarding parole procedures are subject to dismissal.

### 2. Billiot Cannot State a Federal Equal Protection Claim

Billiot also alleges that he is objectively more rehabilitated "than a host of other similar situated convicted non-homicide and homicide juveniles that has been recently released from prison (Angola) by the same parole members/committee members."[13] While this allegation is construed as an equal protection claim, because Billiot has not indicated that any particular *class* of individuals is treated differently than other classes in disciplinary proceedings, this equal protection claim is for a "class of one." A plaintiff makes a "class of one" claim when he alleges that he has been intentionally treated differently from others similarly situated without a rational basis for the treatment.[14]

This Court has previously held that "class of one" claims are not legally cognizable in prison disciplinary proceedings "[d]ue to the unique nature of every disciplinary proceeding," which may be attributed to the discretion inherent in the proceedings and determinations that are

---

[11] *Stevenson,* 265 F.3d at 1060.
[12] *Cuevas v. Thaler*, No. 10-266, 2011 WL 4625998, at *3 (W.D. Tex. Sept. 30, 2011).
[13] R. Doc. 6-2, p. 4.
[14] *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008).

3

based on a many subjective, individualized assessments.[15] Those same considerations are present in parole proceedings: the decision regarding whether or not to grant parole is based on many subjective factors, and the members of the parole board have great discretion in determining whether or not to grant parole.[16] Other Courts have also found that a "class of one" equal protection claim is not cognizable in parole proceedings when the decision regarding whether to grant parole is subjective and discretionary.[17] Accordingly, it is recommended that this Court extend the rationale of the *Escobarrivera* decision and find that Billiot's federal equal protection challenge to his parole decision based on a "class of one" theory is not legally cognizable.

### C. The Exercise of Supplemental Jurisdiction Should Be Declined

To the extent that Billiot seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Billiot's federal constitutional claims be dismissed for failure to state a claim, it is further recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

---

[15] *See Escobarrivera v. Vannoy*, No. 19-498, 2021 WL 1604872, at *7-8 (M.D. La. Feb. 24, 2021), *report and recommendation adopted by Escobarrivera v. Vannoy*, No 19-498, 2021 WL 943106 (M.D. La. Mar. 12, 2021).

[16] "Regardless of what circumstances must be *considered* in a parole hearing, the ultimate *result* (parole or denial) is a matter left completely to the parole panel's discretion." *Johnson v. Rodriguez*, 110 F.3d 299, 304 (5th Cir. 1997) (emphasis in original).

[17] *See, e.g.*, *Adams v. Meloy*, 287 Fed.Appx. 531, 534 (7th Cir. 2008) (finding "no merit" to a class of one equal protection claim in the context of a parole proceeding due to the "inherent discretion" present in parole proceedings); *Brown v. Chandler*, No. 13-99, 2013 WL 6487505, at *2 (W.D. Ken. Dec. 10, 2013) (equal protection claim cannot be asserted under the class of one theory when a parole board's decisions are subjective and discretionary); *Green v. Livingston*, No. 08-101, 2009 WL 1788419 (W.D. Mich. June 19, 2009) ("Parole considerations are the type of discretionary decisions discussed in *Engquist* that typically are 'subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify' … Applying *Engquist*, even an arbitrary parole decision would not violate Petitioner's equal protection rights." (quoting *Engquist,* 553 U.S. at 604 (recognizing that class of one, rational basis scrutiny is not properly applied to public employment decisions).

4

### D. Billiot Should Not Be Given Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[18] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[19] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[20]

Billiot has already amended his Complaint once. Despite this amendment,[21] his claims still fail.[22] Courts are not required to give unending leave to amend for a *pro se* plaintiff to attempt to state a claim.[23] Additionally, Billiot's Complaint, as amended, is easy to comprehend. The allegations are clear that he was denied parole, despite being a trustee, and that he believes the parole board did not follow its own internal regulations in making the decision. These allegations simply do not rise to the level of a federal constitutional violation. Because under the circumstances, it does not appear that Billiot will be able to state any cognizable federal claims consistent with the facts alleged, denial is recommended should he seek leave to amend.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff Lacey Billiot's claims against Defendants Alvin Roche, Jr., Jim Wise, and Francis Abbott be **DISMISSED WITH PREJUDICE** for failure

---

[18] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[19] *Id.*
[20] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[21] R. Doc 6.
[22] *See Landry v. Louisiana Correctional Institute for Women*, No. 17-227, 2019 WL 4270988, at *16 (M.D. La. Sept. 26, 2019), citing *Marucci Sports*, 751 F.3d at 378 ("repeated failures to cure deficiencies by amendments previously allowed is a factor to consider when granting or denying leave to amend.").
[23] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A, that this Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, and that this case be **CLOSED**.[24]

**IT IS FURTHER RECOMMENDED** that the Court deny Billiot further leave to amend, if sought.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.